1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   MATTHEW A. TOBIAS, Cal. Bar No. 271291
3  mtobias@sheppardmullin.com
   NATHAN C. YU, Cal. Bar No. 299516
4  nyu@sheppardmullin.com
   ANGELA S. CHUANG, Cal. Bar No. 352632
5  achuang@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California 90071-1422
   Telephone:   213.620.1780
7  Facsimile:   213.620.1398

8  Attorneys for Defendant
   NIKE, INC., erroneously sued as NIKE INC.
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

| JUAN ANTONIO TORRES GARAVITO, an individual, | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT NIKE, INC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| v. | |
| NIKE INC., a corporation; and DOES 1 through 10 inclusive, | **[DIVERSITY JURISDICTION]** |
| Defendants. | (Los Angeles County Superior Court, Case No. 24STCV15077) |
| | *[Filed concurrently with:  Declaration of Matthew A. Tobias; Declaration of Mary Hunter; Certification of Interested Parties; Corporate Disclosure Statement; and Civil Case Cover Sheet]* |
| | Complaint Filed:  June 17, 2024<br>Trial Date:         None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant NIKE, Inc. ("Defendant"), erroneously sued as Nike Inc., hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California. This Court has diversity jurisdiction over Plaintiff Juan Antonio Torres Garavito's ("Plaintiff") lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity between Defendant and Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. BACKGROUND AND PLEADINGS

1. On June 17, 2024, Plaintiff filed his underlying lawsuit against Defendant in the Superior Court of the State of California, County of Los Angeles, Case No. 24STCV15077 (the "Complaint"). In the Complaint, Plaintiff alleges the following claims for relief against Defendant: (1) harassment on the basis of age and/or race in violation of the Fair Employment and Housing Act ("FEHA"); (2) wrongful termination in violation of public policy; (3) discrimination on the basis of age and/or race in violation of the FEHA; (4) retaliation in violation of the FEHA; (5) failure to prevent harassment and/or discrimination in violation of the FEHA; (6) retaliation in violation of Labor Code section 1102.5; and (7) failure to produce personnel file in violation of Labor Code section 1198.5. (Complaint, attached as Ex. A to Declaration of Matthew A. Tobias ("Tobias Decl."))

2. On June 18, 2024, Plaintiff served a copy of the Summons and Complaint and other accompanying documents on Defendant. (Tobias Decl., ¶ 3, Ex. B)

3. On July 16, 2024, Defendant filed an Answer to Plaintiff's unverified Complaint. (Tobias Decl., ¶ 4, Ex. C)  Defendant has not filed any other pleadings or papers in this action. (Tobias Decl., ¶ 4)

4. Exhibits A and B mentioned above constitute all prior pleadings and documents served on Defendant in the state court in this matter. (Tobias Decl., ¶ 3)

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

5. This Court's subject-matter jurisdiction is based upon diversity of citizenship.  Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions between citizens of different states or citizens of a state and citizens of a foreign state where the amount in controversy exceeds the sum or value of $75,000.  This civil action involves citizens of different states, and the amount in controversy exceeds $75,000.

### A. The Parties Are Completely Diverse

#### a. Plaintiff Is A Citizen of California

6. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd*. (9th Cir. 1983) 704 F.2d 1088, 1090.  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520.  Here, Defendant is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California.  Throughout the duration of his employment with Defendant, Plaintiff was, and as of the filing of his lawsuit is, a resident of California. (Complaint, ¶ 1) ("Plaintiff, at all times relevant hereto, is and has been a resident of the State of California.")  Plaintiff therefore is, and was at the initiation of this civil action, a citizen of California.

### b. Defendant Is A Citizen of Oregon

7. Defendant is a citizen of Oregon. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend* (2010) 130 S. Ct. 1181, 1186. The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office" is located; and (f) where day-to-day control of the business is exercised. *Unger v. Del E. Webb Corp.* (N.D. Cal. 1964) 233 F. Supp. 713, 716.

8. Defendant is a corporation organized under the laws of Oregon. (Declaration of Mary I. Hunter ("Hunter Decl."), ¶ 2) Defendant's principal place of business is located in Oregon as well. (Hunter Decl., ¶ 3) The corporate headquarters in Oregon is the actual center of direction, control, and coordination of all major human resources, payroll, and administrative functions for Defendant. (*Id*.) The respective officers for these departments work in Oregon and are responsible for developing policies and protocols for Defendant's operations. (*Id*.) Defendant's corporate headquarters and nerve center were, at the time of filing of the state court action, and remain to date, located in Oregon. As such, Defendant is a citizen of only the State of Oregon.

### c. The Citizenship Of The Doe Defendants Must Be Disregarded

9. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d

1209, 1213 (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 10, inclusive, does not deprive this Court of jurisdiction.

### B. The Amount In Controversy Exceeds $75,000

10. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S.Ct. 547, 554. Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.* (N.D. Cal. 1998) 994 F.Supp. 1196, 1198. Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F.Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*. Therefore, Defendant needs to show only that there is "a reasonable probability that the stakes exceed" $75,000. *See Brill v. Countrywide Home Loans, Inc.* (7th Cir. 2005) 427 F.3d 446, 449. Defendant need not provide this Court with "proof" or "evidence" that Plaintiff actually will recover more than $75,000; rather, removal is proper so long as the amount in controversy can be met. *See Brill*, 427 F.3d at 448-49.

12. The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain* (9th Cir. 2005) 400 F.3d 659, 662. Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of

1  defendant's liability." *Lewis v. Verizon Commc'n, Inc.* (9th Cir. 2010) 627 F.3d
2  395, 400 (emphasis added).  "In assessing the estimated amount in controversy, a
3  court must assume that the allegations of the complaint are true and assume that a
4  jury will return a verdict for the plaintiff on all claims made in the complaint."
5  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199
6  F.Supp.2d 993, 1001.  The ultimate inquiry is what amount is put "in controversy"
7  by the Complaint, not what the defendant will actually owe.  *Rippee v. Boston Mkt.*
8  *Corp.* (S.D. Cal. 2005) 408 F. Supp. 2d 982, 986.

9        13.    Here, although Plaintiff does not pray for a specific dollar amount, the
10 Complaint alleges claims for:  (1) harassment on the basis of age and/or race in
11 violation of the FEHA; (2) wrongful termination in violation of public policy; (3)
12 discrimination on the basis of age and/or race in violation of the FEHA; (4)
13 retaliation in violation of the FEHA; (5) failure to prevent harassment and/or
14 discrimination in violation of the FEHA; (6) retaliation in violation of Labor Code
15 section 1102.5; and (7) failure to produce personnel file in violation of Labor Code
16 section 1198.5.  Assuming that Plaintiff's suit is successful, the amount in
17 controversy requirement is clearly met.  *See Jackson v. American Bankers Ins. Co.*
18 (S.D. Ala. 1997) 976 F.Supp. 1450, 1454 ("[t]he appropriate measure [of the amount
19 in controversy] is the litigation value of the case assuming that the allegations of the
20 complaint are true and assuming a jury returns a verdict for the plaintiff on all
21 claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F.Supp.2d at 1001
22 (amount in controversy is based on assumption that plaintiff prevails on all claims).

23       14.    Specifically, Plaintiff seeks the following:
24     (a)    **Back Pay and Benefits:**  Plaintiff alleges various claims under the
25 FEHA, including claims of harassment, discrimination, retaliation, and failure to
26 prevent harassment and discrimination, claims under the Labor Code, and wrongful
27 termination in violation of public policy. (*See generally* Complaint)  If these claims
28 are successful, Plaintiff would be entitled to an award of back pay.  *See Parker v.*

*Twentieth Century–Fox Film Corp.* (1970) 3 Cal.3d 176, 181 (prevailing plaintiffs in employment termination case are generally entitled to back pay in the amount that they would have received but for the termination, less sums obtained through mitigation).  Plaintiff makes no allegation in his Complaint that he has found other work or any work that pays the same compensation that he previously received at Defendant.  Rather, Plaintiff alleges he "has lost, and will continue to lose, substantial earnings and fringe benefits and/or will suffer other actual, consequential and incidental financial losses."  (Complaint, ¶ 61)  While Plaintiff did not provide a specific dollar amount for these claims, assuming that this matter is resolved by trial in 12 months from the undersigned date, Plaintiff would arguably be entitled to more than 15 months' worth of back pay and benefits.  At the time his employment ended, Plaintiff was earning $289,632 annually and was provided with health benefits.  (Complaint, ¶ 38; Tobias Decl., ¶ 5, Ex. D)  Therefore, Plaintiff's potential back pay award would be over $362,000 plus benefits.  (Tobias Decl., ¶¶ 5, 6)

(b)    **Front Pay.**  While any award of front pay is highly speculative, courts that have awarded such damages in FEHA cases have held that a plaintiff could receive one year of front pay.  *Horsford v. Board of Trustees of Calif. State Univ.* (2005) 132 Cal.App.4th 359, 388-89.  Therefore, Plaintiff could potentially recover another $289,632 in front pay alone (Tobias Decl., ¶¶ 5, 7)

(c)    **Emotional Distress Damages:**  Plaintiff also alleges emotional distress damages.  (Complaint ¶¶, 43, 53, 62, 69, 78, 86, 99)  A prevailing plaintiff in a wrongful termination action is entitled to seek damages for emotional distress.  *See Gantt v. Sentry Insurance* (1992) 1 Cal. 4th 1083, 1098-1101 (overruled on other grounds by *Green v. Ralee Eng'g Co.* (1998) 19 Cal. 4th 66, 90).  The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established.  *See Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980.  A defendant may use damages awards in other cases to establish that the amount in controversy

exceeds $75,000. *See Simmons v. PCR Tech*. (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1033. Juries in California have awarded well in excess of $75,000 for emotional distress damages in discrimination and wrongful termination cases like this one. *See*, *e.g.*, *Bradley v. Department of Corrections & Rehabilitation* (2008) 158 Cal.App.4th 1612, 1618 (awarding a single plaintiff $300,000 in non-economic damages for harassment claim); *Roby v. McKesson* (2009) 47 Cal.4th 686, 699 (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination, later reduced by stipulation to $800,000, as well as an additional $600,000 in non-economic damages for harassment). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages alone.

(d) **Punitive Damages**: Plaintiff also seeks punitive damages. (Complaint, ¶¶ 54, 63, 70, 79, 87, 104, Prayer, ¶ e) Punitive damages are recoverable under FEHA and in wrongful termination actions. *See* Cal. Civ. Code, § 3294; *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal. 3d 167, 176. Punitive damages should be considered when determining the amount in controversy. *See Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945-46; *Anthony v. Security Pac. Fin'l Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315 (noting punitive damages are factored into amount in controversy if they are recoverable under state law); *Simmons*, 209 F.Supp.2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Weeks v. Baker & McKenzie* (1998) 63 Cal. App. 4th 1128, 1147-48. A conservative estimate for a punitive damages recovery is $50,000.

(e) **Attorneys' Fees:** Under the FEHA, Plaintiff has also demanded attorneys' fees. (Complaint, ¶¶ 55, 71, 80, 88, 101, 111, Prayer, ¶ g) Attorneys' fees may be awarded to a prevailing plaintiff in a FEHA action. *See* Cal. Gov't

Code, § 12965(b); *see also Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56 (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation).  This includes all attorney's fees **likely to be incurred through trial of an action**.  *See Fritsch v. Swift Transp. Co. of Ariz.* (9th Cir. 2018) 899 F.3d 785, 794 ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.  Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect.").  One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100 to 300 hours.  *Sasso v. Noble Utah Long Beach, LLC* (C.D. Cal., Mar. 3, 2015) 2015 U.S. Dist. Lexis 25921 at *12.  Those assumptions would lead to an attorneys' fee award of between $30,000 and $90,000.  *Id.*  If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

15. Defendant's counsel has defended numerous claims for alleged harassment, discrimination, retaliation, and wrongful termination against corporate employers.  (Tobias Decl., ¶ 8)  Defendant's counsel has tried eight (8) employment-related actions (bench and jury trials in single plaintiffs, multiple plaintiffs, and class actions) in state and federal court in California and is familiar with damages claims made by plaintiffs and awarded by juries in California and with claims and awards for attorneys' fees.  (*Id.*)  Based on that experience, counsel understands that a typical plaintiff in such an action regularly seeks more than $75,000, particularly when attorneys' fees are taken into account.  (*Id.*)

16. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, which includes his claims for economic and non-economic damages, as well as attorneys'

fees and costs, significantly exceeds $75,000. *See White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 675 ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees demonstrated that the amount in controversy exceeded $75,000"). Therefore, removal is appropriate and proper.

### III. THIS REMOVAL NOTICE IS PROCEDURALLY PROPER

17. **The Removal Venue Is Proper**. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2). This action originally was brought within a county encompassed by the Central District of California—the Superior Court of the State of California, County of Los Angeles.

18. **The Removal is Timely**. Plaintiff served his Complaint on Defendant on June 18, 2024. Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Defendant have filed this Notice of Removal within the time permitted for removal of complaints because this matter only became removable on June 18, 2024, and this removal occurred within 30 days of that date.

19. **Defendant Has Sufficient Consent**. Defendant is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See Necombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F.3d 686, 690-91; 28 U.S.C. § 1441(a). In any event, no Doe Defendant has been served. Defendant is not required to obtain consent to remove defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n* (9th Cir. 1984) 731 F.2d 1423, 1429 (superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant* (9th Cir. 1988) 861 F.2d 1389, 1392). Therefore, Defendant has sufficient consent to remove the state court action.

### IV. NOTICE OF REMOVAL TO PLAINTIFF AND THE STATE COURT

20. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be served upon counsel for Plaintiff and a copy of this Notice of

Removal will be filed with the Clerk of the Superior Court of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

## V. CONCLUSION

21. For all the reasons identified above, Defendant respectfully requests that this Court proceed with this matter as if the case had been originally filed in the U.S. District Court for the Central District of California, Western Division.

Dated: July 18, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Nathan C. Yu
MATTHEW A. TOBIAS
NATHAN C. YU
ANGELA S. CHUANG

Attorneys for Defendant
NIKE, INC.,
erroneously sued as NIKE INC.